AIDA B. DENTON WIDOW OF FERNÁNDEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, THIRD SECTION, Respondent.

No. O-69-144.     Decided March 9, 1970.

*Dubón & Dubón* and *A. Torres Braschi* for appellant. The respondent Registrar appeared by brief.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This appeal is brought to challenge the refusal of the Registrar of Property, Third Section, San Juan, to record

deed of partition No. 44, executed before notary Aurelio Torres Braschi on December 15, 1965 concerning the adjudication of two rural properties which were acknowledged and adjudicated to appellant as separate property in the partition proceeding of the inheritance of her husband Antonio Fernández García. In said deed there appeared as executing parties appellant, Aida B. Denton widow of Fernández, her husband's four heirs, all of legal age, and Luis E. Dubón in his capacity as commissioner in partition of said inheritance.

The reasons why the Registrar refused to record the deed are the following:

1. "On the ground that the properties are recorded in favor of Aida B. Denton and her husband, predecessor in title Antonio Fernández García, and the document states that Aida B. Denton acquired the property as separate property and even though the heirs of said predecessor state that it is her separate property, said expression is not sufficient to overcome the presumption of the community character of the property according to the doctrine established in the case of *Feliú et al.* v. *Registrar of Property,* 16 P.R.R. 728 and *Acosta* v. *Registrar of Caguas,* 27 P.R.R. 232, therefore, the separate source of the money invested by her in acquiring the property has not been established yet."

2. On the ground that it has not been "established that the corresponding court has issued letters testamentary in favor of the testamentary executor Luis E. Dubón, which letters constitute proof of his authority. . . ."

3. "Because it does not appear from the document that the appearing party Antonio Fernández Piñeiro had affixed his signature and his initials in the original; pursuant to subdivision 3, section 20 of the Notarial Law."

Without further delay we must examine the decisions in the two cases cited by the Registrar in his note of refusal in order to find out whether they actually dispose of the present case. In *Feliú et al.* v. *Registrar of Property,* 16 P.R.R. 728 (1910), it was decided that the mere statements of the husband and the wife made in the purchase deed in the sense that the property in question was acquired by the wife

with her private funds should not be regarded as sufficient to prove the private character of the property which is presumed to be community property. The other case cited by the Registrar in his note is *Acosta* v. *Registrar of Caguas*, 27 P.R.R. 232 (1919). In that case, in a two-page opinion, the facts are recited and the decision is the same as in *Feliú et al.* v. *Registrar of Property, supra*: The statements made by both spouses in a public deed are not sufficient to prove the private character of a property which is presumed to be community property.

According to the certifications which appear in the Registry of Property, Second Section of Río Piedras, the records of the two parcels in question contain two similar clauses which, in essence, state that the parcel acquired is separate property of Aida Denton Fernández because the latter paid for it with her separate funds which are part of the money she received from The People of Puerto Rico as payment for her separate property in condemnation proceedings in the Superior Court of Puerto Rico, Eminent Domain Division in case No. 188, fact accepted by her appearing husband.

Up to this point the case at bar is similar to the cases cited by the Registrar, but there is an additional circumstance which distinguishes it from the former. It is that in the deed of partition, as we stated before, the predecessor's four heirs appear as parties thereto. One is a son by his first marriage and the other three are children by his marriage with appellant. Said four heirs are all of legal age and they have authority to dispose of their property.

In *Feliú, supra,* the Court stated the following:

"Section 1322 of the Civil Code [1902 ed.; now § 1307, 1930 ed.; 31 L.P.R.A. § 3647] provides that all conjugal property shall be regarded as ganancial, unless it be shown that it belongs exclusively to either the husband or the wife; and in this case it has not been shown that the property in question belongs exclusively to Justina Servera.

"While it is true that in the deed referred to Mrs. Servera and her husband affirm that the purchase is made with private funds belonging to the former, such a statement is not sufficient to warrant the presumption that the property belongs exclusively to the wife.

"The manner in which the purchase money has been obtained should be shown in a more authentic way than by the mere statements of the interested spouses, for, if a mere assertion should be regarded as sufficient for that purpose, the individual will of private persons would alter the rights granted by law to the husband in the conjugal partnership; a means of violating the provision of law prohibiting contracts between them would be furnished the spouses; and the averment of the husband in a deed of purchase and sale that the purchase money belonged to his wife would furnish a means of concealing an illicit donation, according to a decision of the General Directorate of Registries of June 30, 1888."

In Cabassa v. Registrar, 38 P.R.R. 226 (1928), after repeating that the mere statement of one spouse or even of the father of the wife does not suffice to overcome the presumption of community property established by the code, we acknowledged that:

"In a vast number of cases a married person having received property before or after marriage might be careless in preserving evidence or in maintaining a status quo once clearly provable. We have previously indicated our doubts of a too strict requirement in Marrero v. Registrar, 34 P.R.R. 198, and in Guillermina Alum Pérez v. Registrar of Arecibo [of March 20, 1928] 37 P.R.R. 830, we took a more definite stand to the effect that the presumption may be overcome, somewhat as in other cases, if there exists sufficient corroborating proof of the statements."

The rule we have established in the sense that the statements of the spouses do not suffice to overcome the presumption of the community property is based mainly on the fact that if it were so, illicit donations of one spouse to the other and illegal contracts between them could be concealed. Feliú v. Registrar of Property, supra. We acknowledged the foregoing in Blanes v. González, 60 P.R.R. 553 (1942), where

we stated that in controversies between the husband and the wife the reason for the aforementioned rule disappears and in such cases the courts cannot be so strict as to the sufficiency of the evidence. In other words, if the risk of an illicit donation or illicit contract is not involved, the court may take into consideration the statement of the spouse and, of course, all other pertinent evidence.

In *Ex parte Espéndez*, 85 P.R.R. 419 (1962), we made a more detailed study of the matter, and there, after citing the commentators and our own case law, we stated the following at pages 424–425:

"... when the controversy as to the character of the property is between the spouses or between the heirs of one of them and the surviving spouse, without injuring the rights of third parties who may have contracted relying on the favorable presumption of the community character, then the inflexibility and exigency of the evidence disappear and it is sufficient to establish to the trier's satisfaction that the circumstances point to the fact that the properties have been acquired by investing separate property and not at the expense of the community property, it not being indispensable to identify the exact source of the funds invested or reinvested in the acquisition. Scaevola determines clearly the scope of the presumption in saying that 'it is not to be understood that merely because there exists a doubt the properties must be deemed to be community property . . .' and adds that 'the presumption of § 1407 does not apply to cases of doubts, but to those in which there is no evidence to the contrary.' That is why the principal function of the court in these cases is to determine, on the evidence as a whole, the manner in which the property in litigation came into the marriage."

In the case at bar there is no controversy between the spouses nor between appellant and her husband's heirs, but the predecessor's heirs—his four children—could be prejudiced, and their acknowledgment in the partition deed in the sense that the said two parcels belong separately to appellant is an admission they can make. *Cf. González* v. *Registrar of Caguas*, 29 P.R.R. 762 (1921). It does not appear either that

said admission made by the predecessor's heirs prejudices third parties. The only decrease in the inheritance according to the sixth paragraph of the partition deed, amounted to $4,272.93 of which $2,517.50 corresponded to the expenses of the predecessor's last disease and funeral, and $1,755.43 for miscellaneous accounts payable, which amounts, according to the aforementioned paragraph of the deed, were paid.

In view of the foregoing we are of the opinion that the Registrar's first reason for refusing to record is not valid.

■ As a second reason the Registrar alleges that it was not established that the corresponding court issued letters testamentary in favor of executor Luis E. Dubón. But the truth is that Dubón did not appear in the deed as executor, but rather in his capacity as commissioner in partition and therefore it was not necessary to establish that letters testamentary had been issued to him as executor.[1] Dubón's authority as commissioner in partition was derived from the will itself, will which was not challenged by anybody. To that effect the deed of partition states that the parties—appellant, the four heirs, and Luis E. Dubón—state:

"That in said will Antonio Fernández García designated the appearing party herein, Luis E. Dubón, executor and commissioner in partition of his estate, said appearing party having timely accepted the executorship and letters testamentary having been issued to him by the Superior Court of Puerto Rico, San Juan Part, by order entered on October three, nineteen hundred sixty-two in the civil case of said part entitled 'Luis E. Dubón, Petitioner, Civil Case No. sixty-two dash seven thousand five hundred fifty-six (62-7556), on: Issuance of Letter Testamentary.' "

---

[1] In *Paine* v. *Sec. of the Treas.*, 85 P.R.R. 787, 790 (1962) we stated: "Executorship is but an administration accompanied by a right of representation to perform specific functions relating to the conservation of the hereditary estate until the inheritance is accepted by the heirs, and as such we cannot consider the executors as forming a juridical person distinct from the heirs."

The refusal to record is not justified either by the second reason alleged by the Registrar.

Appeal is not taken from the third reason. To that effect appellant states in her prayer:

"By mistake in the transcript, the signature of the appearing party, Antonio Fernández Piñeiro, was omitted in the certified copy of the deed, when the truth is that said appearing party affixed his signature and initials in the original, as it appears from the photocopy of said original, which, as a simple copy, is attached to the present prayer."

In view of the foregoing, the note appealed from will be reversed as to the first and second reasons previously set forth in this opinion, and the record of the document which was object of said note will be ordered after the error in the certification of the copy presented is cured and after it is duly established that the appearing heir, Antonio Fernández Piñeiro, signed the original.

Mr. Justice Pérez Pimentel concurs in the result.